[No. 12331.   Department Two. — March 16, 1888.]

IN THE MATTER OF THE ESTATE OF ESTELLE RETY, DECEASED.

ESTATE OF DECEDENT — ATTORNEY OF ABSENT HEIRS — ALLOWANCE OF FEE MAY BE VACATED. — The appointment of an attorney to represent absent heirs in a proceeding for the settlement of a decedent's estate, and the allowance to him of a fee, are matters entirely within the discretion of the lower court, and if such allowance be improvident or indiscreet, the court may vacate it at the suggestion of any one, or upon its own motion.

APPEAL from an order of the Superior Court of Marin County revoking an order appointing an attorney for absent heirs, and from an order revoking an order allowing attorneys' fees.

The facts are stated in the opinion of the court.

*M. C. Baum*, in *pro. per.*, for Appellant.

*H. Wilkins*, and *J. M. Chretien*, for Respondents.

McFARLAND, J.— At the hearing of the petition for the probate of the will of the deceased, the appellant, M. C. Baum, appeared and contested the same for certain absent heirs. So far as we can learn from the very meager record, this contest took place in August, 1886. He was not appointed by the court to represent said heirs at the hearing of the petition for the probate of the will; and it seems that he had no authority from said heirs to appear for them.

Afterwards, on April 11, 1887, when, for aught that appears, the contest had been determined, the court made an order, "*nunc pro tunc* as of the second day of August, 1886," appointing appellant attorney for said absent heirs; and on May 3, 1887, the court made another order directing the executors of the estate to pay said appellant eight hundred dollars, "as such attorney and under order of court, *nunc pro tunc* as of August 2, 1886." On June 6, 1887, on motion of the residuary legatee, and upon notice to appellant and the executors, the court made an order vacating and setting aside both of said orders above mentioned. From this order appellant appeals, and also from an order overruling certain objections to the appearance of the said legatee.

Waiving the questions whether or not the order appealed from was an appealable order, and whether or not there was power in the court to make the *nunc pro tunc* order at all, and whether or not the residuary legatee could rightfully appear and make the motion to vacate, still we think that the appointment of an attorney for absent heirs, and the allowance to him of a fee, are matters entirely within the discretion of the probate

court, and that if such allowance be improvident or indiscreet, the court may vacate it at the suggestion of any one, or upon its own motion.

Orders affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.