[S. F. No. 2523.   Department Two. — August 14, 1901.]

In the Matter of the Estate of CHARLES LUX, Deceased. JAMES H. CAMPBELL, Appellant.   HENRY LUX, Administrator, et al., Respondents.

ESTATES OF DECEASED PERSONS — ATTORNEY FOR NON-RESIDENTS — POWER OF COURT — DESIGNATION IN ORDER. — Before the court can make an order appointing an attorney for non-resident devisees, legatees, heirs, or creditors of a deceased person, the court must be satisfied that such persons exist, and the order must designate who they are, and if their names are not known, they must still be identified in some mode in the order.

ID. — NON-RESIDENT REPRESENTED BY HIS ATTORNEY — FUNCTIONS OF APPOINTEE. — The court cannot appoint an attorney for a non-resident party who is already represented by his own attorney; and whenever he is represented by an attorney employed by himself, the functions of the appointee cease.

ID. — COMPENSATION OF APPOINTEE — PAYMENT BY PERSONS REPRESENTED. — The compensation of an attorney appointed by the court to represent non-resident persons interested in the estate is to be paid only on account of the interest of the persons represented, and nothing should be paid out of the estate for persons named, who turn out to have no interest in the estate.

ID. — STIPULATED FEE — VOID ORDER FOR COMPENSATION — FINAL ALLOWANCE. — Where an attorney, appointed to represent absent heirs, agreed with them for a stipulated fee, he can thereafter recover from them no greater sum. The court had no jurisdiction to make

a contract for the absent heirs; and an order made, fixing a quarterly compensation to be paid to such attorney each quarter-year during administration, was void. The final allowance of the fee was in the discretion of the court, and was to be judicially determined by the court, after knowledge of the facts.

APPEAL from a decree of the Superior Court of San Mateo County settling the final account of an administrator. George H. Buck, Judge settling account, with reservation of compensation of attorney for absent heirs. James M. Troutt, Judge settling compensation.

The facts are stated in the opinion of the court.

W. A. Beasly, for Appellant.

E. B. & George H. Mastick, Loewy & Gutsch, W. B. Treadwell, and D. M. Delmas, for Respondents.

TEMPLE, J. — Charles Lux died about 1887 (the precise time does not appear in the transcript). On the twenty-fifth day of April, 1889, the superior court of San Mateo County, where the estate was in probate, made an order in which it is recited that one John Reynolds was on the fourteenth day of April, 1887, appointed to represent the absent heirs (naming them), and that said Reynolds is now superior judge of Santa Clara County, and that "James H. Campbell, of San José, California, has ever since been employed by and acted for such absent and minor heirs; it is therefore hereby ordered that said James H. Campbell be, and is hereby, appointed attorney for aforesaid heirs, to represent them in all proceedings throughout the administration of the estate of said Charles Lux, deceased." July 21, 1890, the court, on petition of said Campbell, ordered the executors to pay him, as such attorney, thirty thousand dollars for past services, and twelve thousand dollars per year, quarterly, every third month, thereafter, during the administration.

On the 12th of June, 1896, the executors filed a petition, in which they represented that they had paid said attorney eighty-three thousand dollars under that order, which they represented was in its nature a partial distribution to the named heirs, and for certain reasons they ask that further payments be suspended.

August 8, 1896, the absent heirs themselves applied to have

the order appointing Campbell their attorney vacated. In their petition they represented that on the fourteenth day of July, 1900, "and prior thereto," they made an agreement with Mr. Campbell, and stated that "the said J. H. Campbell agreed to act as attorney for your petitioners in the administration of the estate of said deceased, and to perform any and all legal services necessary and proper in and about the said estate of said deceased, as attorney for your petitioners, in representing them and other several interests therein, to and including the final settlement of the said estate and the distribution thereof, and to faithfully and diligently represent and act for your petitioners, as their legal attorney and adviser, throughout the administration of said estate, and in steps, matters, and proceedings therein taken for the defense, protection, and maintenance of their rights and privileges in said estate, and to institute all actions and proceedings necessary for the enforcement of the rights of your petitioners, as such heirs, devisees, and legatees, and to defend them against all suits and oppose and resist all measures and proceedings likely to prove detrimental or injurious to them, or to their interests in said estate," etc., for which services they agreed to give him an interest in their portions of the estate equal to three per cent thereof. Any allowance made to him by the court was to be credited on his said fee, after paying expenses. They further represented that said attorney had already received $93,000 for his services, and that the estate of Charles Lux was not worth more than $2,632,383.94, — their interest therein being less than one half thereof, — and that said attorney had already been paid more than his fee.

To this petition Mr. Campbell answered, substantially admitting the employment as stated. He averred that the estate of Charles Lux was worth from ten to fifteen millions; and he relied upon the orders hereinbefore mentioned, appointing him attorney for such absent and minor heirs, and fixing his compensation.

The hearing of the petition was continued from time to time, and finally, January 5, 1897, by the consent of all parties, the orders appointing and fixing the compensation were revoked, and "all questions as to the compensation of the said J. H. Campbell, as attorney for any heirs of said estate, are hereby reserved until the final accounts of the administrator of said estate have been settled, the said estate is ready for distribu-

tion, and the said questions be then considered and determined by the court in connection with the final distribution of said estate."

The final account of the administrator was filed June 28, 1900, to which appellant excepted, because the administrator did not include compensation due him as such attorney, which had accrued under the order of July 21, 1890, fixing his compensation. He contended that the sum of eighteen thousand dollars was still due and unpaid. The claim was disallowed, and hence this appeal.

Appellant's claim to compensation is founded entirely upon section 1718 of the Code of Civil Procedure, which provides that upon the hearing of certain petitions, where all parties interested in the estate are required to be notified, the court may, in its discretion, appoint an attorney to represent, in all such proceedings, "the devisees, legatees, heirs, or creditors of the decedent, who are minors, and have no general guardian in the county, or who are non-residents of the state, and those interested, who, though they are neither such minors or non-residents, are unrepresented. The order must specify the names of the parties, so far as known, for whom the attorney is appointed, who is thereby authorized to represent such parties in all such proceedings had subsequent to his appointment." The attorney is to be allowed a fee, to be paid as necessary cost of administration, and, upon distribution, to be charged to the party represented by the attorney. The section concludes with the declaration that the non-appointment of an attorney cannot affect the validity of the proceedings.

The statute is a very extraordinary one, but some of its provisions have been in force since 1851, without any serious challenge of its validity. The court can no more appoint an attorney with authority to bind a person who is *sui juris*, to waive his rights, or concede claims made against him, or to institute proceedings for him and incur costs chargeable to him, than it can do all these things without an attorney. And this, I think, indicates the functions of an attorney so appointed. The court can do nothing with the aid of the attorney which it could not have done without him. He receives his authority only from the court, and not at all from the absent heir. As friend of the court, his function, simply, is to aid the court in conserving the rights of unrepresented parties. In all the proceedings specified there might be a

reason for securing such aid.  Witnesses might be examined;
and although, as a rule, whenever there was reason for a con-
troversy, some heir would be on hand to perform the duty,
still, on rare occasions, the contrary might be the case.  In
any other view as to the nature of the duties of such attorney,
the validity of the statute could only be sustained on the theory
that succession being a matter of legislative control, the legis-
lature has the power to authorize a probate judge to give some
portion of each estate to such attorneys as he should designate.
We are not at liberty to attribute such motive to the legislators,
nor was it, I am convinced, so in fact.

The appointment is authorized only for a devisee, legatee,
heir, or creditor.  Before the appointment can be made, the
court must be satisfied that such persons exist, and the order
must designate who they are, or otherwise the fee allowed can-
not be charged to the person represented by the attorney.  If
their names are not known, they must still be identified, in
some mode, in the order.

It is evident that an attorney cannot be appointed for an
absent heir who is already represented by an attorney.  A pro-
vision for the appointment of an attorney in such a case would
serve no useful purpose, and it would add greatly to the ob-
jections to the statute to suppose that it was intended to forbid
a party the right to be represented by his own attorney, and
compel him to accept and be bound by the acts of an attor-
ney appointed without his consent.  And it follows, that as
soon as the absent heir is represented by an attorney employed
by himself, the functions of the appointee cease.  These last
consequences would follow, though the validity of the statute
were conceded to the fullest extent.

Appellant's contention is based entirely upon the proposi-
tion that he has a vested right to the compensation fixed by
the order of July 21, 1890; and although he concedes that the
order could be revoked, still he contends he is entitled to that
compensation until it was revoked.  But the order appointing
him recites that for at least one year appellant had been "em-
ployed by and acted for such absent and minor heirs," and
the compensation allowed him on the 21st of July, 1890, was
for services rendered almost two years before the appointment
was made; or if it does not sufficiently appear from the order
that the absent heirs were already represented by an attorney,
the record shows that within a year thereafter the appellant

was employed by the same parties and his compensation provided for by contract. From that time, conceding the entire validity of the statute and of his appointment, he could only recover from them the stipulated fee. He is paid, not out of the estate, but by his clients, even though the estate might be called upon temporarily to advance the money.

For still another reason I am convinced that, conceding the full validity claimed for the statute, and of the order appointing appellant to represent absent heirs and minors, he cannot demand the compensation fixed by the court in the order of July 21, 1890. The court had no power to make a contract for the absent heirs, and when compensation is fixed, it is to be judicially determined by the court, after knowledge of the facts. The nature of the service, its necessity, and value to the heirs, are to be ascertained and considered. This can be done only after such facts can be known. The order, therefore, fixing the compensation was void.

And furthermore, the payment can only be made on account of one of the classes of persons indicated, and the amount is chargeable to such persons. When an attorney has been appointed to represent an absent heir, nothing should be paid to such attorney, if such person does not turn out to be an heir. The succession occurs upon the death of the ancestor, but the heir is not ascertained until the decree of distribution. True, for certain purposes, during the administration, the court is required to determine provisionally whether certain persons are or are not heirs at law of the decedent. But a payment to an attorney appointed to represent an absent heir is in the nature of a partial distribution to such heir. The estate cannot be charged, under this statute, with a fee to an attorney representing a mere claimant. A chancellor may in certain cases authorize expenditures, necessary to defend a fund held in trust, out of the fund itself. But this is not that case, and the statute directs that the charge is to be against the interest represented by the attorney. Perhaps (conceding the validity of the statute) an attorney could be appointed before the heirship was determined, but if so, he must take his chances as to his compensation. The statute only authorizes payment out of the estate where the estate can be reimbursed by retaining the amount from the portion of the heir represented. There is no pretense that this was determined when the order of July 21, 1890, was made.

That the fee is always, at least till finally allowed, in the discretion of the court, is determined by the case of *Estate of Rety*, 75 Cal. 256.

This statute was recognized in that case, and has been alluded to in several cases. Its validity was not then questioned. As I understand *Estate of Cunningham*, 54 Cal. 556, the functions of an attorney to represent absent heirs were there limited as I have suggested.

In conclusion, I may say that the section seems to have been repealed by the last legislature, if the repealing act is valid, which is a matter as yet in dispute.

The decree is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.