[L. A. No. 21937. In Bank. Aug. 28, 1951.]

DAVID DANIEL DE LAO, Petitioner, v. SUPERIOR
COURT OF LOS ANGELES COUNTY, Respondent.

David G. Kling for Petitioner.

Harold W. Kennedy, County Counsel, and William E.
Lamoreaux, Deputy County Counsel, for Respondent.

GIBSON, C. J.—Petitioner, defendant in a negligence
action, seeks certiorari to annul (1) a judgment, (2) an order
setting aside that judgment and (3) a new judgment there-
after entered. Respondent has filed a general demurrer to
the petition.

The action was tried without a jury, and after submission the trial court announced that judgment would be rendered for plaintiff and directed that findings be prepared. Thereafter, upon the representation of plaintiff's attorney that findings had been waived, the court signed a judgment which recited such a waiver. Defendant then moved for a new trial on most of the grounds specified in section 657 of the Code of Civil Procedure, and he also denied that findings had been waived. At the hearing the court ordered the new trial motion off calendar and granted plaintiff's request to vacate the judgment and for leave to prepare findings and a new judgment. The court then made findings and signed a second judgment which was substantially the same as the first except for a recital that findings and conclusions had been made. A second motion for a new trial was subsequently made and denied. Petitioner concedes that he has filed timely notices of appeal from the order of vacation and from both judgments, and the question is whether under these circumstances he is entitled to the remedy of certiorari.

■ To be entitled to a writ of certiorari, the petitioner must not only establish that the inferior tribunal has exceeded its jurisdiction, but he must also show that there is no appeal or other plain, speedy and adequate remedy. (Code Civ. Proc., § 1068; *Howard* v. *Superior Court*, 25 Cal.2d 784, 787 [154 P.2d 849]; *Redlands High Sch. Dist.* v. *Superior Court*, 20 Cal.2d 348, 350 [125 P.2d 490].) ■ Where the ruling or decision sought to be reviewed is not appealable, certiorari will not lie if petitioner has an adequate remedy by appeal from a subsequent order or judgment. (*Howard* v. *Superior Court, supra*; *Bank of America* v. *Superior Court*, 20 Cal.2d 697, 703 [128 P.2d 357].)

■ In the present case, the first judgment, which recited a waiver of findings, would normally be considered appealable, and the order vacating that judgment would be appealable as a special order after final judgment even if void. (See *Phelan* v. *Superior Court*, 35 Cal.2d 363, 370 [217 P.2d 951].) Defendant, however, contends that the first judgment was not appealable because there was in fact no waiver of findings and hence no final judgment, and that the order of vacation was not appealable unless there was a final judgment to be vacated. We need not pass on this contention because, if we assume its correctness for the purpose of argument, it is clear that the second judgment, being based on findings and conclusions, is appealable regardless of its propriety or validity,

and that the first judgment and order are reviewable on that appeal. As we have seen, an appeal has been taken from the second judgment, and it affords petitioner a plain, speedy and adequate remedy. Certiorari, therefore, will not lie.

The demurrer is sustained, and the proceeding is dismissed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.