[Civ. No. 20596.   Second Dist., Div. Two.   Nov. 15, 1954.]

Estate of WALTER BODGER, Deceased.   KATHERINE A. BODGER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Denio, Hart, Taubman & Simpson and Roger W. Young for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

MOORE, P. J.—Certiorari. Petitioner seeks the annulment of an order of respondent court on the ground that it exceeded its authority in appointing an attorney to represent the beneficiaries of a testamentary trust.

The Security-First National Bank of Los Angeles is the duly appointed and acting testamentary trustee pursuant to its designation as such in the last will and testament of decedent and pursuant to the decree of distribution of his estate. Under the terms of such trust, petitioner is the sole beneficiary of the current income therefrom. By the terms of the decree of distribution, the fees of the trustee for its ordinary and usual duties as such were specified to be three-fourths of 1 per cent per annum, payable quarterly, of the reasonable value of the trust estate.

The trustee duly filed its report and seventh account current and petition for fees and same was set for hearing upon notice provided by law. No beneficiary appeared at the hearing to except to or contest such account in any respect. Thereafter, the court sitting in probate entered its order settling the seventh account current and report of trustee and for fees. Such order provided that, notwithstanding the provisions of the decree of distribution and of such last will and testament, the trustee should thereafter be entitled to such fees as would constitute reasonable and just compensation for the services actually rendered by it during any accounting period and that such fees should be fixed by the court upon the hearing of each annual account and report, and also that the terms of the decree of distribution should not be controlling in the amount of fees to be awarded the testamentary trustee as such.*

Thereafter, the trustee filed its notice of appeal from that portion of the order settling the account, which notice was not served upon petitioner or any of the beneficiaries.

Sixty days after the filing of such notice of appeal, respondent court, without notice to petitioner, entered its order†

---

*"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that hereafter the Trustee shall be entitled to such fees as will constitute reasonable and just compensation for the services actually rendered by it during any accounting period, and that such fees shall be fixed by the Court upon the hearing of each annual report and account in accordance with the evidence as to the services rendered by the Trustee and the value thereof, and not in accordance with the provisions of the Last Will and Testament of said decedent and the Decree of Distribution in the above entitled estate."

†"Now, THEREFORE, IT IS ORDERED that JOHN F. McCARTHY, Attorney at the Bar of this Court, be and he is hereby appointed as attorney for the beneficiaries of said trust and he is ordered and directed to take all steps necessary to properly settle the record upon said appeal and to resist said appeal in the Supreme Court of the State of California or in such appellate court as to which this cause may be assigned, and that he shall hereafter report to this Court, and this Court shall

whereby it appointed Attorney John F. McCarthy to represent the beneficiaries of the testamentary trust, including petitioner, and directed the said McCarthy to take steps necessary properly to settle the record upon such appeal and to resist the appeal in the appellate courts and thereafter to report to respondent court whereupon the reasonable value of the service rendered by the said McCarthy would be fixed and charged against the trust estate.

By her petition, petitioner represents that the order of respondent court appointing Attorney McCarthy was entered ex parte and without notice to petitioner or to any other beneficiary of the testamentary trust involved.

On June 23, 1954, petitioner filed with respondent court a petition to vacate the order appointing Attorney McCarthy to represent petitioner on the appeal. By such petition, respondent court was specifically informed that petitioner did not desire to be represented by counsel appointed by the court and demanded that the purported appointment of Attorney McCarthy be vacated by reason of the facts alleged in her petition to respondent court.

The appeal of the trustee is pending before this court. Petitioner represents that she is in full sympathy and accord with the position taken by the trustee in respondent court and on its appeal; that she does not desire representation by counsel adverse to the position of the trustee and contended that that trustee's fees have heretofore been paid and will continue to be paid out of the current income of the trust estate; that she does not desire that the trust estate should incur the obligation to pay the fees of Attorney McCarthy; that she is *sui juris* and if she desires counsel to represent her on the appeal she will employ her own attorney; that she has no plain, adequate or speedy remedy at law in this that the order appointing an attorney to represent petitioner is not appealable; that the right of appeal is determined by section 1240 of the Probate Code.

Notwithstanding their receipt of notice of the hearing, neither petitioner nor the other beneficiaries of the trust appeared at the time of settling the trustee's account. Consequently, service of the notice of appeal upon them was unnecessary. (Code Civ. Proc., § 1010; *Lilienkamp* v. *Superior Court*, 14 Cal.2d 293, 301 [93 P.2d 1008].) The

then fix the reasonable value of the services rendered by him and that the same shall be a charge against the trust estate.
"Dated: April 30, 1954."

order appointing Attorney McCarthy is not appealable. (Prob. Code, § 1240.)

The order appointing Attorney McCarthy is in excess of the court's jurisdiction and is therefore void and certiorari will be invoked to annul it. (Code Civ. Proc., § 1068; *Security-First Nat. Bank* v. *Superior Court,* 1 Cal. 2d 749, 752 [37 P.2d 69]; *Tomsky* v. *Superior Court,* 131 Cal. 620, 623 [63 P. 1020].)

Petitioner is a competent adult and is therefore capable of selecting her own counsel. There is no law authorizing the superior court to appoint an attorney for a competent party to an action or a proceeding where such person has notice of the proceedings before the court and is capable of selecting an attorney. Furthermore, such person is free to disavow such appointment by the court and such service as the attorney might perform. This, petitioner did when she filed in respondent court her petition to vacate the order attempting to appoint Attorney McCarthy to represent her. (*Estate of Lux,* 134 Cal. 3, 8 [66 P. 30]; *Machado* v. *Machado,* 66 Cal.App.2d 401, 406 [152 P.2d 457].)

Any act of a court which adversely affects the rights of a litigant and which exceeds the power of the court, as defined by the Constitution and the law of the state, is in excess of its jurisdiction and such act may be restrained or annulled on certiorari. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715].)

Also, the order appointing Attorney McCarthy is violative of due process of law and is for that reason void. (U.S. Const., Amendment XIV; Cal. Const., art. I, § 1; *Boca & Loyalton R. Co.* v. *Superior Court of Lassen County,* 150 Cal. 147, 152 [88 P. 715].)

Additionally, the order appointing Attorney McCarthy infringes upon petitioner's freedom of contract in that it directs an officer of its court to represent petitioner contrary to her expressed desires and attempts to charge the trust estate with the fees of such attorney.

Because a court cannot appoint an attorney for a party to an action with authority to bind such party in the action or proceeding when the party is free to exercise his own wishes, to waive rights or to concede claims against him or to institute proceedings for himself and incur costs chargeable against him (*Estate of Lux,* 134 Cal. 3, 6 [66 P. 30]), the order appointing Attorney McCarthy is void.

Respondent asserts that petitioner has an available legal

remedy to accomplish her purpose in that she may file in this court a repudiation of McCarthy's appointment to represent her in the trustee's appeal. Such a procedure would be ineffective; it would not be a part of the appeal and therefore would constitute no part of the issues presented for review. ▮ Appellate courts adhere to the issues properly presented by the appeal. ▮ They are courts of record and take cognizance of only the matters presented in writing by the parties to the action. ▮ For a legal remedy to be adequate, it must afford relief upon the very matter which is the subject of the petition and which is equally as convenient and efficacious as the extraordinary remedy demanded. (*Dufton* v. *Daniels*, 190 Cal. 577, 582 [213 P. 949].) ▮ Certainly, the act of filing a repudiation of an attorney appointed by the trial court is not such a remedy.

It is not conceivable that after the appeal has been decided, the attorney who will have opposed the trustee's appeal would withdraw without seeking compensation for his work. Naturally, if he shall have performed after the manner anticipated by the court that appointed him, an order for his payment by the trustee will follow. Respondent says that the order then made can be appealed and that such appeal would be a "legal remedy" and therefore it is not becoming now to grant certiorari. Such a procedure would be to trifle with judicial processes. ▮ An order appointing an attorney to render service for a person who is *sui juris* is an unauthorized act. The fact that the trust estate may have to pay for such service is a secondary matter. Such payment might not necessarily follow the appointment. But even though he should never request payment of a fee, the order will have been an unwarranted invasion of petitioner's rights. In the event that after pursuing the appeal to decision, the trial court should refuse to pay the attorney because he had not performed as directed or as conceived by the court, still the order would be on the records of the court and its annulment would be the object of another proceeding.

In whatsoever direction the order may be viewed, its possibilities appear too ominous to leave it to some obscure, tenuous "legal" remedy at a future time. Its very presence on the records of the trial court is a menace to petitioner. The authorities cited by respondent court (*Christie* v. *Superior Court*, 218 Cal. 423 [23 P.2d 757]; *Auzerais* v. *Superior Court*, 101 Cal. 542 [36 P. 6]; *De Lao* v. *Superior Court*, 37 Cal.2d 711 [234 P.2d 961]) are not in point. For illustra-

tion, in the Auzerais case, the petitioner asked the Supreme Court to annual an order adding to the record an additional finding on the ground that the trial court was without jurisdiction. The Supreme Court held that certiorari was not available because the additional finding would be presented as a part of the record on the appeal and if it was a void order it would be ignored.

Respondent's attempt to make the order appointing Attorney McCarthy appeal legal by contending that he was appointed as amicus curiae will not succeed. The court had already finished its consideration of the trustee's account, whereupon it ordered that the trustee shall be entitled to fees commensurate with services rendered. The appointment of McCarthy came only after the trustee had appealed from such order. There was no further work for the court. Its order had by virtue of the appeal been lodged in this court which thereafter had the laboring oar and was *sui juris* to appoint its own *amicus*. Neither this court nor any appellate court seeks the aid of trial courts to appoint counsel to assist in deciding appeals. If McCarthy had been conscious of holding the office of amicus curiae, he would not have moved to dismiss the trustee's appeal. He acted as "attorney for respondent . . . to resist appeal." He took the position of advocate for the beneficiaries.

Moreover, the Rules on Appeal prescribe the method by which an amicus curiae gets into the District Court of Appeal. His "brief . . . may be filed on permission first obtained from the . . . Presiding Justice and subject to conditions which he may prescribe." (Rule 14(b) of Rules on Appeal.) No appointment of Attorney McCarthy having been made and no application having been filed by him, he is not an amicus curiae. (See *In re Pina*, 112 Cal. 14, 16 [44 P. 332].)

It is, therefore, ordered that the order of respondent Superior Court of the State of California, in and for the County of Los Angeles, appointing Attorney McCarthy as attorney for the beneficiaries, on the appeal of the trustee of the aforementioned testamentary trust estate, be and it is annulled.

McComb, J., and Fox, J., concurred.