[Civ. No. 10631.   Third Dist.   Oct. 14, 1963.]

MARGARET F. JILLSON, Plaintiff and Appellant, v. THE BOARD OF SUPERVISORS OF SACRAMENTO COUNTY et al., Defendants and Respondents.

Desmond, Miller & Desmond, Louis N. Desmond and Bill W. West for Plaintiff and Appellant.

John B. Heinrich, County Counsel, for Defendants and Respondents.

SCHOTTKY, J.— ■. Margaret F. Jillson filed an application with the Supervisors of the County of Sacramento sitting as a board of equalization for the reduction of the assessment on her property. The matter was heard and at the conclusion of the hearing the application for the reduction of the assessment was denied. Mrs. Jillson then sought a petition for a writ of mandate or a writ of review (certiorari) in the superior court. The basis of her claim for the use of one of the extraordinary writs, rather than pursuit of her remedy at law, was that she had been denied a fair hearing as required by the due process clauses of the federal and

state Constitutions. Respondents interposed a demurrer to the petition which was sustained without leave to amend. This appeal followed.

We have concluded that the determination of the trial court was correct and the judgment must be affirmed.

Appellant contends here, as she did in the trial court, that she was prevented from availing herself of her constitutional rights under the state and federal Constitutions and was thus denied due process of law.

The trial court in its memorandum opinion stated: "It must be obvious that for this Court to consider and grant the relief or any substantial portion of the relief sought by the petitioner would have the effect of terminating virtually all governmental activity in the County of Sacramento and the various and sundry political subdivisions within the County of Sacramento for whom the County collects taxes. It has long been and must be now recognized that 'delay in the proceedings of the officers, upon whom the duty is devolved of collecting taxes, may derange the operation of government, and thereby cause serious detriment to the public and that the prompt payment of taxes is always important to the public welfare. It may be vital to the existence of a government. The idea that every taxpayer is entitled to the delays of litigation is unreason.' See the quotation in *Sherman* v. *Quinn*, 31 Cal.2d 661 at page 665 [*sic*] [192 P.2d 17].

"It may well be, as asserted by petitioner, that she has not been afforded a full complete hearing before the Sacramento County Board of Equalization and that she is therefore entitled to relief. However, that is not the question presently before this Court. We are now concerned with the nature of the remedy sought to be invoked by the petitioner and its effect upon the public welfare and the proper administration of government in Sacramento.

"After a thorough examination of the authorities in which there is some conflict, I have reached the conclusion that petitioner has an adequate remedy at law and that she is not entitled to the relief prayed for, namely a Writ of Mandate and Certiorari or either of said writs. She has the right to seek relief by paying her taxes under protest and suing for the recovery thereof. See Revenue and Taxation Code, section 5136 et seq. See also *Star-Kist Foods, Inc.* v. *Quinn*, 54 Cal. 2d 507 [6 Cal.Rptr. 545, 354 P.2d 1]. It is pointed out in the *Star-Kist* case earlier cases issued writs of mandate to set aside invalid assessments without considering the adequacy

of the remedies provided by the Legislature in the Revenue and Taxation Code. These cases were, however, generally based on the proposition that the petitioner or taxpayer could not in such cases recover his interest. This remedy has now been provided by section 5105 of the Revenue and Taxation Code. It has been the trend of the Court in recent cases to relegate the taxpayer to the statutory remedy and to deny mandate. See *Security-First National Bank* v. *Board of Supervisors,* 35 Cal.2d 323 [217 P.2d 948]; *Vista Irrigation Dist.* v. *Board of Supervisors,* 32 Cal.2d 477 [196 P.2d 926]; *Sherman* v. *Quinn,* 31 Cal.2d 661 [192 P.2d 17]."

We agree with this analysis. Section 5136 of the Revenue and Taxation Code permits a property owner to pay the taxes on his property under protest. Section 5138 permits a taxpayer to file an action to recover taxes paid under protest. Any deficiency in the hearing can be reviewed then. ■ Where a taxpayer has a plain, speedy and adequate remedy in the ordinary course of law, as here, mandate is ordinarily not available. (*Sherman* v. *Quinn, supra,* p. 665; *Star-Kist Foods, Inc.* v. *Quinn, supra,* p. 511.) The reason for such rule in tax cases is that " 'delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public.' " (*Dows* v. *City of Chicago,* 78 U.S. (11 Wall.) 108, 110 [20 L.Ed. 65], quoted in *Sherman* v. *Quinn, supra,* at p. 665.)

For similar reasons review or certiorari will not lie. By the terms of the statute certiorari only lies when there is no appeal, or other plain, speedy or adequate remedy. (Code Civ. Proc., § 1068; *De Lao* v. *Superior Court,* 37 Cal.2d 711 [234 P.2d 961].)

■ As stated in *De Lao, supra,* at page 712, "To be entitled to a writ of certiorari, the petitioner must not only establish that the inferior tribunal has exceeded its jurisdiction, but he must also show that there is no appeal or other plain, speedy and adequate remedy. (Code Civ. Proc., § 1068; *Howard* v. *Superior Court,* 25 Cal.2d 784, 787 [154 P.2d 849]; *Redlands High Sch. Dist.* v. *Superior Court,* 20 Cal.2d 348, 350 [125 P.2d 490].) ■ Where the ruling or decision sought to be reviewed is not appealable, certiorari will not lie if petitioner has an adequate remedy by appeal from a subsequent order or judgment. (*Howard* v. *Superior Court, supra; Bank of America* v. *Superior Court,* 20 Cal.2d 697, 703 [128 P.2d 357].) "

■ Appellant's claim that she was denied due process is adequately answered by the recent case of *Aronoff* v. *Franchise Tax Board,* 60 Cal.2d 177 [32 Cal.Rptr. 1, 383 P.2d 409], in which our Supreme Court quoted with approval the following quotation from the case of *Modern Barber Colleges, Inc.* v. *California Emp. Stab. Com.,* 31 Cal.2d 720 [192 P.2d 916], at page 179 [60 Cal.2d] : " ' . . . The petitioner relies strongly on *Laisne* v. *State Board of Optometry,* 19 Cal.2d 831 [123 P.2d 457]. That case held that under the due process clauses of the federal and California Constitutions, and under the doctrine of separation of powers in our Constitution, the petitioner was entitled to a type of review of administrative activity which, under our practice, mandate alone could provide. But in the present case it is clear that depriving the petitioner of the remedy of mandate would not deprive him of due process of law, and no other constitutional right under which he might claim this particular form of relief has been suggested. *The due process clause does not guarantee the right to judicial review of tax liability before payment.* The power of a state to provide the remedy of suit to recover alleged overpayments as the exclusive means of judicial review of tax proceedings has long been unquestioned. [Citations.]' (Italics added.) "

No other points raised require discussion.

For the reasons hereinbefore set forth, we conclude that the trial court correctly sustained the demurrer to appellant's petition for a writ of mandate or certiorari.

The judgment is affirmed.

Pierce, P. J., and Van Dyke, J.,* concurred.

*Retired Presiding Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.