[Civ. No. 40549. Second Dist., Div. One. Apr. 27, 1973.]

DONALD TIVENS et al., Plaintiff and Appellant, v.
ASSESSMENT APPEALS BOARD, COUNTY OF LOS ANGELES,
Defendant and Respondent;
PHILLIP E. WATSON, as Assessor, etc.,
Real Party in Interest and Respondent.

**COUNSEL**

Good, Potter & Bradish and Edward R. Brown for Plaintiff and Appellant.

John D. Maharg and John M. Larson, County Counsel, Andrew C. Schutz and Dixon M. Holston, Deputy County Counsel, for Defendant and Respondent and for Real Party in Interest and Respondent.

**OPINION**

**THOMPSON, J.**—■ Appellant filed a petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5, seeking judicial review of a determination of respondent Assessment Appeals Board, and alleging that the board overvalued his real property for assessment purposes thereby increasing the property tax payable by him. Respondent's demurrer on the ground that mandate is not an appropriate remedy was sustained by the trial court without leave to amend. This appeal is from the resulting judgment.

We conclude that the action of the trial court was correct.

■ Code of Civil Procedure section 1094.5 provides for judicial review

through the medium of a proceeding in mandamus of final actions of administrative agencies in proceedings in which the law requires a hearing and evidence to be taken, and in which discretion in the determination of facts is vested in an "inferior tribunal, corporation, board or officer." The sweep of section 1094.5 is limited, however, by the proposition that a writ of mandate, pursuant to its provisions, is available only where the petitioner has no plain, speedy, and adequate remedy at law. (*Grant* v. *Board of Medical Examiners,* 232 Cal.App.2d 820, 826 [43 Cal.Rptr. 270].)

While in a number of older cases California courts permitted review of property tax assessments by way of mandate (see *Star-Kist Foods, Inc.* v. *Quinn,* 54 Cal.2d 507, 511 [6 Cal.Rptr. 545, 354 P.2d 1], and cases there cited),[1] "[i]n more recent cases . . . the adequacy of [the] remedies [of paying the resulting property tax under protest and suing for refund pursuant to Revenue and Taxation Code section 5136 et seq.] has been considered [adequate] and mandate has been denied." (*Star-Kist Foods, Inc.* v. *Quinn, supra,* 54 Cal.2d at p. 511; see also *Sherman* v. *Quinn,* 31 Cal.2d 661 [192 P.2d 17]; *Jillson* v. *Board of Supervisors,* 221 Cal.App.2d 192, 195 [34 Cal.Rptr. 419]; Deering, Cal. Administrative Mandamus (Cont.Ed.Bar 1966) § 9.30, p. 152.)

Compelling decisional precedent thus dictates that appellant's complaint seeking relief in mandamus be denied by reason of the existence of an adequate remedy at law. Appellant seeks to avoid the impact of that precedent by arguing that the amount of tax he must pay will be large and that delay in prosecuting his suit for refund in the Los Angeles Superior Court will be substantial. He fails to establish, however, that the financial hardship to him or delay in pursuing his lawsuit will be greater than that involved in the precedential decisions. Moreover, whatever hardship there may be thrust upon appellant by application of the established principle is outweighed by another equitable consideration. ■ The interest of government in the collection of revenue necessary to its operations is such that, absent extraordinary circumstances, a taxpayer will be relegated to a remedy of suing for a refund of a tax improperly collected rather than being permitted to delay collection while validity of an assessment is litigated. (*Jillson* v. *Board of Supervisors, supra,* 221 Cal.App.2d 192, 194;

---

[1]See also e.g., *McClelland* v. *Board of Supervisors,* 30 Cal.2d 124, 129-130 [180 P.2d 676], upon which appellant relies. *McClelland,* however, deals with the situation in which the assessment process is claimed to constitute actual or constructive fraud. Appellant asserts no such claim here, contending merely an excessive assessment. There is thus a serious question whether even the earlier and now overruled decisions would have permitted relief in mandamus in the case at bench.

*Sherman* v. *Quinn, supra,* 31 Cal.2d 661, 665; 3 Witkin, Summary of Cal. Law (7th ed. 1960) Taxation, § 100, and cases there cited.)

Thus, we determine that the trial court correctly sustained respondent's demurrer without leave to amend. The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied May 23, 1973, and appellant's petition for a hearing by the Supreme Court was denied June 20, 1973. Clark, J., did not participate therein.