[Civ. No. 48179. Second Dist., Div. Four. Oct. 25, 1976.]

MYSTERY MESA MISSION CHRISTIAN
CHURCH, INC., Plaintiff and Appellant, v.
ASSESSMENT APPEALS BOARD NO. 1
FOR THE COUNTY OF LOS ANGELES, Defendant and Respondent;
COUNTY OF LOS ANGELES, Real Party in Interest and Respondent.

COUNSEL

Milnor E. Gleaves for Plaintiff and Appellant.

John H. Larson, County Counsel, and Melissa A. Taubman, Deputy County Counsel, for Real Party in Interest and Respondents and for Defendant and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—Petitioner appeals from a judgment (order of dismissal) entered after an order sustaining, without leave to amend, a demurrer to its petition for a writ of administrative mandamus. We affirm the judgment.

Petitioner is the owner of real property in the County of Los Angeles. The county assessor assessed that property, for the tax year 1974, at $250,000 market value, with an assessed value on 25 percent of that amount. Petitioner duly instituted proceedings before respondent board, seeking a reduction of that assessment. The board ruled against it. Petitioner thereupon paid, but not under protest, the tax as levied in accordance with the assessment and thereafter brought the present petition, under Code of Civil Procedure section 1094.5 for administrative mandamus, seeking to set aside the board's determination.

The petition rests on the contention that petitioner did not receive a fair hearing before the board because: (a) the board improperly refused

to allow it to introduce evidence by a second expert witness as to market value; and (b) the board improperly permitted the introduction of hearsay evidence to impeach the credibility of the one expert that the board had heard.

■ The sole issue before us on this appeal is whether administrative mandamus is a permissible procedure for the redress of petitioner's claimed wrong. We agree with the trial court that it is not.

The usual, and statutory, method by which a taxpayer may secure relief in the courts from an improper assessment is outlined in sections 5136 and 5138 of the Revenue and Taxation Code. That procedure calls for the taxpayer first to pay the tax levied, within the time specified, but under a written protest and then to bring suit, in superior court, for a refund of the tax so paid. Admittedly, petitioner did not, and by the time this action was filed could not, follow that procedure. Petitioner's position is that, since it is not herein attacking the assessment as such, but is demanding a new hearing on the validity of the assessment, the statutory scheme would not give it relief. In that contention, it is in error. In *Jillson* v. *Board of Supervisors* (1963) 221 Cal.App.2d 192 [34 Cal.Rptr. 419], the court, sustaining an order of dismissal of a similar suit, said (at p. 195): "Section 5136 of the Revenue and Taxation Code permits a property owner to pay the taxes on his property under protest. Section 5138 permits a taxpayer to file an action to recover taxes paid under protest. Any deficiency in the hearing can be reviewed then."

If well taken, the contentions that petitioner seeks to litigate in this mandamus proceeding could have been raised by the statutory method.

The cases relied on by petitioner in support of its position are not in point. In *County of L. A.* v. *Tax Appeals Bd. No. 2* (1968) 267 Cal.App.2d 830 [73 Cal.Rptr. 469], the petitioner was the county, an entity obviously not within the provisions of section 5136 et seq. In *Midstate Theatres, Inc.* v. *Board of Supervisors* (1975) 46 Cal.App.3d 204 [119 Cal.Rptr. 894], the petition, in traditional mandamus, involved a case where the board had denied any hearing, not, as here, where there was a hearing, although allegedly unfair.

Petitioner seeks to avoid the effect of *Jillson* by pointing to the fact that, here, petitioner has paid the tax as levied, thus making one of the reasons for requiring it to follow the statutory procedure—namely

depriving the county of operating funds—inapplicable. We do not see in that fact a reason for disregarding the holding of *Jillson.*

It is well settled that mandamus, administrative or traditional, does not lie where there is an adequate remedy at law. The statutory scheme, sustained as constitutional in *Jillson,* would, had petitioner not slept on its rights, have afforded a remedy as expeditious, and no more expensive than, the one here pursued.

The judgment (order of dismissal) is affirmed.

Dunn, J., and Jefferson (Bernard), J., concurred.