[No. B211754. Second Dist., Div. Two. Nov. 9, 2009.]

E. RANDOL SCHOENBERG, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES ASSESSMENT APPEALS BOARD et al.,
Defendants and Appellants.

## COUNSEL

E. Randol Schoenberg, in pro. per., for Plaintiff and Appellant.

Robert E. Kalunian, Acting County Counsel, and Albert Ramseyer, Principal Deputy County Counsel, for Defendants and Appellants.

## OPINION

**BOREN, P. J.**—This appeal involves the efforts by plaintiff E. Randol Schoenberg to reduce the tax assessment of his residential real property. The issues concern the proper scope of a proceeding by defendant, the Assessment Appeals Board of Los Angeles County (the Appeals Board), and the required procedure for a taxpayer to obtain judicial review of a valuation determination by the Appeals Board.

We find that Schoenberg's claim that the Appeals Board failed to assess land and improvements separately is without factual foundation, as revealed by the Appeals Board's written decision denying his application. Also, Schoenberg had no authority to limit the jurisdiction of the Appeals Board to a reassessment of only the value of the land (a valuation he disputed). The Appeals Board was permitted on its own initiative to reassess the value of the improvements on the land (though Schoenberg and the assessor had previously agreed on a lower assessment figure for improvements). Such a total reappraisal was necessary to fulfill the Appeals Board's mandate to equalize property values. Finally, Schoenberg's exclusive remedy was not a petition

for a writ of mandate against the Appeals Board, but rather a complaint seeking a refund of taxes—a remedy he belatedly pursued against a second defendant, the County of Los Angeles (the County), after it was barred by the statute of limitations.

## FACTUAL AND PROCEDURAL SUMMARY

Between 2004 and 2005, Schoenberg built a single-family residence on land owned by his parents. His parents transferred the property to him in October of 2005, triggering a Proposition 13 reassessment because of the change in ownership. Ultimately, in light of the change in ownership the assessor reassessed the property's base year value to a total of $2.15 million, allocating $1.4 million to the land and $750,000 to the improvements.

Schoenberg appealed to the Appeals Board and applied for a changed assessment, urging that the actual total value of the property was $1.75 million. Schoenberg's written application for a changed assessment complained that the "[b]ase year value for the change of ownership established on the date of October 6, 2005 is incorrect." Schoenberg's application to the Appeals Board contained his statement of opinion of value, which indicated that the difference of opinion was over the value of the land. In his application, Schoenberg valued the land at only $1 million, but agreed that the improvements were valued at $750,000.

At the outset of the equalization hearing before the Appeals Board, the appraiser from the assessor's office stated: "The assessor's recommendation, based, in part, on evidence presented by the applicant, and the applicant's witness, is a total value of $2,150,000, still. $1,040,000 allocated to the land and $1,110,000 allocated to the improvement." Schoenberg agreed with the land assessment of $1.04 million (a $360,000 reduction), but argued that the assessment of improvements should remain unchanged at $750,000 because he had only appealed the assessment of land value.

On June 7, 2007, after witnesses and documentary evidence were presented at the equalization hearing, the Appeals Board denied Schoenberg's application for a reduction in the property's assessed value. The Appeals Board stated in its written decision, in pertinent part, that Schoenberg's estimate of $750,000 for improvements was "deficient because his value for the improvements failed to include the majority of indirect construction costs and entrepreneurial profit." The Appeals Board considered the total value of the property, land, and improvements—including the assessor's use of three recent comparable sales—and determined that the property's overall enrolled value was $2,165,000. As the Appeals Board explained, "The Applicant's opinion of land value of $1,040,000, along with an adjusted improvement value of

$1,125,000, yields a total value of $2,165,000, which exceeds the existing assessment of $2,150,000. . . . [¶] . . . [¶] The Board finds that when the Applicant's cost approach is properly adjusted to include all costs, it actually supports the existing assessment enrolled by the Assessor. Furthermore, the assessment is also well supported by the sales comparison approach submitted by the Assessor. Therefore, the Board hereby denies this Application."

On August 29, 2007, Schoenberg filed a petition for a writ of mandate (Code Civ. Proc., § 1085), with the Appeals Board designated as defendant and the Los Angeles County Assessor as real party in interest. In his petition, Schoenberg argued that he had accepted the enrolled value of the improvements on the property ($750,000), and that only the property's land value had been before the Appeals Board. Schoenberg further alleged that at the hearing before the Appeals Board the assessor had agreed with Schoenberg's contention regarding the value of the land, and that Schoenberg and the assessor had stipulated that the true value of the land was $1.04 million, not the enrolled value of $1.4 million. He thus sought to restrict review by the Appeals Board to only the value of the land, and to reduce the value of the land by $360,000.

On November 1, 2007, Schoenberg filed an amended petition for a writ of mandate, which added to the pleading a complaint for a refund of taxes. At an initial case management conference, the trial court issued an order to show cause as to why Schoenberg's mandate claim should not be struck. The court relied on *Little v. Los Angeles County Assessment Appeals Bds.* (2007) 155 Cal.App.4th 915 [66 Cal.Rptr.3d 401], which explained in pertinent part that a tax refund action, rather than a mandate petition, is the exclusive remedy for challenging on the merits a property tax assessment. (*Id.* at pp. 922–926.) The court ruled that Schoenberg's petition for a writ of mandamus was not an available remedy.

Thereafter, real party in interest, the Los Angeles County Assessor (the Assessor), filed an answer to Schoenberg's amended complaint for refund of taxes. On June 4, 2008, Schoenberg then filed a second amended petition for writ of mandate and complaint for refund of taxes. The pleading added the County as a second defendant.

The County demurred, challenging both the timeliness of the action and its viability on the merits. The trial court rejected the County's statute of limitations argument on the ground that it was barred by estoppel, but sustained the demurrer without leave to amend on the alternative ground that Schoenberg's second amended pleading failed to state a cause of action. The trial court reasoned, in pertinent part, that the requirement that the "[l]and and improvements shall be separately assessed" (Cal. Const., art. XIII, § 13) is in the context of an assessor's creation of an assessment roll for property tax

purposes, while the Appeals Board is a board of equalization that reviews assessments to ensure they comply with the constitutional standard of "fair market value." (Cal. Const., art. XIII, § 1, subd. (a).) The court thus rejected Schoenberg's theory that he should be entitled to equalization of the land value, independent of a review of the value of the entire appraisal unit which would include the value of the improvements. The court sustained the demurrer without leave to amend and dismissed the action.

Schoenberg appeals, and the County cross-appeals urging that Schoenberg's belated tax refund action is barred by the statute of limitations.

## DISCUSSION

I. *The Appeals Board did assess land and improvements separately.*

The Appeals Board did not err in failing to assess land and improvements separately because, contrary to Schoenberg's view of the facts, that is exactly what the Appeals Board did. According to Schoenberg, the Appeals Board "found that the total assessed value of the Property of $2,150,000 was correct, and used that as the sole basis for denying the application." Schoenberg asserts that the Appeals Board ignored statutory mandates (see Cal. Const., art. XIII, § 13; Rev. & Tax. Code, § 607) that require it to determine the assessment of the land and improvements separately, and that it denied his application "based on its conclusion that it could only assess the total value of the Property." Schoenberg complains that the Appeals Board did not address the separate value of the land "which was the sole subject of the application and which was indisputably wrong on the assessment roll," and that instead it "based its denial of the application on its opinion of the total, combined, unseparated 'full value' of the Property."

Schoenberg fundamentally misreads the record. Even if, as Schoenberg asserts in his pleading, the Appeals Board "announced that it would only consider the whole value of the Property, not the separate assessments of land and improvements," it ultimately did not do that. A reading of the Appeals Board's June 7, 2007, eight-page written denial of Schoenberg's application—an exhibit annexed to his verified petition for writ of mandate and complaint for refund of taxes—refutes Schoenberg's characterization of the Appeals Board's resolution of his application.

At the outset, we note that contrary to Schoenberg's assertion, the separate value of the land was not the sole subject of his application. As described in Schoenberg's petition for a writ of mandate and complaint for a tax refund, his application to the Appeals Board was far broader than he claimed it was at the hearing before the Appeals Board and far broader than he characterizes

it now: he complained in his application to the Appeals Board that the "[b]ase year value for the change of ownership established on the date of October 6, 2005 is incorrect." Schoenberg had a different opinion of the value of the land, but the correctness of the overall base year value was the basis for his application and was the precise factual matter he complained about in the application. And that was the precise issue the Appeals Board determined.

Most significantly, the Appeals Board's written decision reflects that it considered both the value of the land and the value of the improvements and arrived at a total valuation by using, in part, those two separate figures. The written decision, for example, summarized the parties' positions as follows: "At the commencement of the hearing, the Assessor made a recommendation to amend the allocation of the subject property's value from: Land—$1,400,000; and Improvements—$750,000, to Land—$1,040,000; and Improvements: $1,110,000, with no change to the value of $2,150,000. The Applicant wished only to accept the land value and argued that neither the Assessor nor the Board has authority to increase the improvement value. The Assessor argued that the Board must determine the entire value of the subject property that has undergone a change in ownership. [¶] The Applicant is incorrect."

The Appeals Board's written decision then quoted from and relied upon Revenue and Taxation Code section 1610.8 ("[T]he county board shall equalize the assessment of property on the local roll by determining the full value of an individual property . . . ."), and from property tax rule 324(a) (Cal. Code Regs., tit. 18, § 324, subd. (a) ["[T]he board shall determine the full value of the property, including land, improvements, [etc.]"]). Indeed, Schoenberg could not limit the Appeals Board's jurisdiction to the value of his land only. (Cal. Code Regs., tit. 18, § 324, subd. (b).)[1] The purpose of an equalization board, such as the Appeals Board, "is to see that all properties in the county are 'equalized'; that is to say that the assessor appraise all properties in the county at a constant level of opinion as to market value and to keep all properties in their proper relationship one to the other."

---

[1] California Code of Regulations, title 18, section 324, subdivision (b) provides, in pertinent part, as follows: "Jurisdiction. The board's authority to determine the full value of property or other issues, while limited by the laws of this state and the laws of the United States and usually exercised in response to an application for equalization, is not predicated on the filing of an application nor limited by the applicant's request for relief. When an application for review includes only a portion of an appraisal unit, whether real property, personal property, or both, the board may nevertheless determine the full value, classification, or other facts relating to other portions that have undergone a change in ownership, new construction or a change in value. Additionally, the board shall determine the full value of the entire appraisal unit whenever that is necessary to the determination of the full value of any portion thereof.

"The board is not required to choose between the opinions of value promoted by the parties to the appeal, but shall make its own determination of value based upon the evidence properly admitted at the hearing."

(*Eastern-Columbia, Inc. v. County of L.A.* (1943) 61 Cal.App.2d 734, 743, [143 P.2d 992]; see also *Stevens v. Fox Realty Corp.* (1972) 23 Cal.App.3d 199, 204 [100 Cal.Rptr. 63].)

Moreover, the Appeals Board's written decision specifically stated that Schoenberg had submitted an appraisal of the land only, "with an opinion of $1,040,000 for just the land," and that "the Assessor did not challenge the land appraisal." The decision observed that the assessor appropriately used three recent comparable sales "to support" the $2.15 million assessment, and concluded that "Applicant's opinion of land value of $1,040,000, along with an adjusted improvement value of $1,125,000[2] yields a total value of $2,165,000, which exceeds the existing assessment of $2,150,000."

■ Thus, the plain language of the decision by the Appeals Board indicates that it did not deny Schoenberg's application based only on the total and unseparated full value of the property. Rather, the Appeals Board isolated out and dealt separately with the value of the land and the value of the improvements. Schoenberg's contention that the land and improvements were not assessed separately is factually without merit.

To the extent Schoenberg's contention now on appeal can be generously interpreted as a complaint about the Appeals Board's failure to reallocate, by way of a specific ruling or order, the assessments between land and improvements, such a notion is also unavailing. Not only did Schoenberg fail to seek this particular and narrow relief in the application he filed with the Appeals Board, but he then denied that the Appeals Board had authority even to address the subject of the value of his improvements.

Accordingly, reviewing the matter de novo and giving the complaint and its exhibit (the written decision of the Appeals Board) a reasonable interpretation while treating the demurrer as admitting all facts properly pled (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479]; *Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627 [272 Cal.Rptr. 623]), it is apparent that the Appeals Board did assess both the land and improvement values. And the Appeals Board was entitled to deny Schoenberg's application because a reduction of the total assessed value was not warranted. The trial court properly sustained the demurrer without leave to amend.

---

[2] In the appeal before us now, Schoenberg does not challenge the calculation or the methodology by which the Appeals Board arrived at the increased figure of $1,125,000 for the value of improvements to the property.

II.  *Schoenberg's petition for a writ of mandate was not a proper remedy, and his amended complaint adding a request for a tax refund was untimely.*

    A.  *The petition for a writ of mandate was not proper because there was an adequate remedy at law, an action for a tax refund.*

■ Even assuming Schoenberg's complaint had a factual foundation, which it did not, his petition for a writ of mandate was improper. A mandate is available only when there is no adequate remedy at law, and Schoenberg had a remedy at law in the form of a tax refund action. (Rev. & Tax. Code, § 5140; *Star-Kist Foods, Inc. v. Quinn* (1960) 54 Cal.2d 507, 511 [6 Cal.Rptr. 545, 354 P.2d 1]; *Little v. Los Angeles County Assessment Appeals Bds., supra,* 155 Cal.App.4th at pp. 922–923.) Mandate is simply not available as a device for judicial review of an appeals board's assessment decision on the merits (as distinguished from, for example, review of its ministerial duties or audits). (See, e.g., *Flightsafety Internat., Inc. v. Assessment Appeals Bd.* (2003) 105 Cal.App.4th 620, 628–629 [129 Cal.Rptr.2d 539]; *Apple Computer, Inc. v. Assessment Appeals Bd.* (2003) 105 Cal.App.4th 1355, 1359 [130 Cal.Rptr.2d 335].) This is so even if the effect of a proposed mandate order would not be an immediate refund, but only the potential for a future refund. (See *Merced County Taxpayer's Assn. v. Cardella* (1990) 218 Cal.App.3d 396, 400–401 [267 Cal.Rptr. 62].) Schoenberg mistakenly relies on a myriad of readily distinguishable cases that, unlike the present case, do not focus on a taxpayer's complaint about the merits of an assessment decision.

    B.  *The refund action is barred by the statute of limitations, and equitable tolling is not available.*

■ Moreover, Schoenberg's belated amendment adding a claim for a tax refund and adding the *County* as a party is unavailing because it was too late to do so. His action is barred by the six-month statute of limitations (Rev. & Tax. Code, § 5141), and no showing of prejudice is necessary to enforce a statute of limitations. (*65 Butterfield v. Chicago Title Ins. Co.* (1999) 70 Cal.App.4th 1047, 1063 [83 Cal.Rptr.2d 40].)

■ Schoenberg's first amended petition for writ of mandate and complaint for refund of taxes was not against the County, but rather was filed against defendant Appeals Board, which is a separate and distinct constitutional entity from the County. (*Apple Computer, Inc. v. Assessment Appeals Bd., supra,* 105 Cal.App.4th at p. 1365; *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 22–24 [84 Cal.Rptr.2d 715].) The County is an essential defendant in a tax refund action concerning property in the County of Los Angeles. (Rev. & Tax. Code, § 5140.)

However, Schoenberg failed to file an amended complaint against the County as a defendant until June 4, 2008, which was approximately a year after the date of the final Appeals Board decision on June 7, 2007, and thus after the six-month statute of limitations period. His complaint against the County was therefore time-barred.

■ Schoenberg urges that the statute of limitations was tolled as to the refund action while he pursued the writ of mandate in good faith. "[I]f the defendant is not prejudiced thereby, the running of the limitations period is tolled '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.' " (*Elkins v. Derby* (1974) 12 Cal.3d 410, 414 [115 Cal.Rptr. 641, 525 P.2d 81].) Here, however, Schoenberg did not have several legal remedies—he had only one, a property tax refund action. (Rev. & Tax. Code, § 5140 et seq.) Also, because it is so well settled that an action in mandamus is simply not an available method for a taxpayer to seek judicial review of the merits of a tax assessment decision (see, e.g., *State Bd. of Equalization v. Superior Court* (1985) 39 Cal.3d 633, 638–640 [217 Cal.Rptr. 238, 703 P.2d 1131]; *Little v. Los Angeles County Assessment Appeals Bds., supra,* 155 Cal.App.4th at pp. 922–925; *Mystery Mesa Mission Christian Church, Inc. v. Assessment Appeals Bd.* (1976) 63 Cal.App.3d 37, 39–40 [133 Cal.Rptr. 565]; *County of Sacramento v. Assessment Appeals Bd. No. 2* (1973) 32 Cal.App.3d 654, 671–672 [108 Cal.Rptr. 434]), Schoenberg's mandate action was indeed unreasonable.

(7) Additionally, Schoenberg's claim of equitable tolling is premised on the concept of estoppel, which must entail a false representation or wrongful misleading silence. (See *Stocker Resources, Inc. v. Assessment Appeals Bd.* (1996) 49 Cal.App.4th 391, 398 [57 Cal.Rptr.2d 28].) In the present case, neither the County nor the assessor can be blamed for any false representation or misleading silence. To the contrary, Schoenberg admitted in his opposition to the demurrer that his office had been specifically advised by the county counsel that his proper and sole remedy was a refund action, which prompted Schoenberg on November 1, 2007—approximately five months after the decision by the Appeals Board—to file a first amended petition adding a claim for a refund. However, Schoenberg failed to add the County as a defendant to the refund claim until his June 4, 2008, second amended petition for writ of mandate and complaint for refund of taxes, which was long after the six-month statute of limitations period. Thus, the doctrine of equitable tolling is inapplicable.

Accordingly, Schoenberg was not entitled to proceed by way of a petition for a writ of mandate, and his complaint for a refund of taxes was not timely filed against the County.

## DISPOSITION

The judgment of dismissal is affirmed.

Doi Todd, J., and Ashmann-Gerst, J., concurred.

A petition for a rehearing was denied December 1, 2009, and the petition of appellant E. Randol Schoenberg for review by the Supreme Court was denied February 10, 2010, S178816.