FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HILLARY L. FALCONER; D.W. FALCONER, INC., DBA Briarcliff Farm, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF SANTA CRUZ; COUNTY OF SANTA CRUZ BOARD OF SUPERVISORS; JANET K. BEAUTZ; DAVID LAUGHLIN; RICHARD NIEWSTAD; NANCY COLE, <br><br> Defendants - Appellees. | No. 08-17661 <br><br> D.C. No. 5:06-cv-04240-JW <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted February 10, 2010
San Francisco, California

Before:  GOODWIN, BERZON and IKUTA, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The harm alleged by Falconer is the reduction of property value due to the recording of the notice of violation in the real property records without constitutionally adequate procedure. Falconer's due process claim became ripe when the County's decision became final, *see Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1507 (9th Cir. 1990), which occurred at the time the County recorded notices of violation in 1998 and 2002, Santa Cruz County, Cal., Code § 19.01.080 (2009). The statute of limitations for challenging this alleged due process violation accrued when Falconer knew or "ha[d] reason to know of the injury that is the basis of [her] action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Falconer knew that the County had recorded the notice of violation against her property on September 19, 2002, which is when the County sent notice of the recording to Falconer's attorney. That notice also referred Falconer to Santa Cruz County Code § 19.01.080, which states that "[t]he Planning Director's decision is final and not subject to further appeal." Thus, Falconer knew that the County took value from her property by recording the notice of violation and would not give her a post-deprivation hearing as of September 19, 2002. Because Falconer did not file suit against the County until 2006, the claim is barred by the applicable one-year statute of limitations. Cal. Civ. Proc. Code § 340(3) (2002).

2

Contrary to Falconer's argument, the continuing wrongs doctrine does not apply because the alleged illegal act, which was the recording of the notice of violation without adequate hearing, was a discrete event that led to the present dispute. *See Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995) (explaining when the continuing wrongs doctrine applies). In addition, Falconer's assertion that the running of the statute of limitations must be tolled by equitable estoppel fails because Falconer was not "ignorant of the true state of facts" and could have pursued her judicial remedies after she was notified of her injury in 2002. *See Javor v. Taggart*, 120 Cal. Rptr. 2d 174, 179–80 (Cal. Ct. App. 2002). Finally, Falconer is not entitled to equitable tolling because she does not allege that the County made a false representation or engaged in a misleading silence that prevented her from pursuing her claim related to the recording of the notice of violation. *See Schoenberg v. County of L.A. Assessment Appeals Bd.*, 102 Cal. Rptr. 3d 86, 93 (Cal. Ct. App. 2009).

**AFFIRMED**.