Filed 11/30/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MIMI K. KARAS DURANTE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>    Defendant and Respondent. | H041620<br>(Santa Clara County<br>Super. Ct. No. 1-12-CV-217681) |

Plaintiff Mimi Karas Durante appeals from a defense judgment after trial in a tax refund action she brought against the County of Santa Clara. Plaintiff alleged an entitlement to a property tax refund because the County incorrectly determined there was a change in ownership of a house she co-owns with her sister, which triggered a reassessment of its value. The trial court concluded there was a change in ownership which allowed for reassessment. We find no error in that decision and will affirm the judgment.

## I.    BACKGROUND

Plaintiff and her sister inherited a house in San Jose when their mother died in 2003. They took title as tenants-in-common. A recorded deed reflected that each owned an undivided 50 percent interest in the property. Plaintiff lived in the home; her sister did not.

In 2009, plaintiff's sister granted her a life estate in the 50 percent interest that plaintiff did not already own. The deed reflecting that transfer was recorded. The 2009

transfer resulted in plaintiff having sole ownership rights for the rest of her life, with her sister regaining a 50 percent interest in the property on plaintiff's death.

Based on the 2009 transfer, the County reassessed the property's value under a statute allowing for recalculation of a property's tax basis upon a change in ownership. The new valuation was significantly higher, resulting in a commensurately higher property tax bill. Plaintiff asked the County for a revised assessment on the ground that the creation of a life estate did not effect a change in ownership. After conducting an administrative hearing, the County denied the request.

Plaintiff then sued the County seeking a property tax refund. The complaint alleged a refund was due based on no change in ownership. The case was tried to the court, with the parties submitting documentary evidence only.[1] The trial court issued a statement of decision containing its findings and conclusions. The court found that the 2009 deed granting plaintiff a life estate constituted a change in ownership and the reassessment was in conformity with the law. Judgment was entered for the County.

## II. DISCUSSION

Plaintiff's lawsuit is authorized by Revenue and Taxation Code section 5140, which allows a person who overpaid property tax to bring a refund action in superior court, if the agency that collected the tax refused to refund the money after proper request. Plaintiff's suit was resolved by trial and the judgment is based on a statement of decision. In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo, and we review the trial court's findings of fact for substantial evidence. "Under this deferential standard of review, findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.)

_____

[1] One witness (a supervisor in the County Assessor's office) testified at trial, but the parties later stipulated that her entire testimony would be stricken from the record.

2

This appeal presents two questions, one legal and one factual. The legal question we must resolve is whether granting a co-tenant a life estate in a tenancy-in-common interest is a "change in ownership" as that term is defined in the statutes governing property taxation. The trial court decided it is, but we review the issue using our independent judgment. The other question is whether plaintiff was in fact granted a life estate in her sister's tenancy-in-common interest; in other words, whether the scenario described in the legal question is present here. The trial court found that it is, and on that factual question we must defer to the trial court's finding so long as substantial evidence supports it.

We turn to the legal question first. A California property's value for property tax purposes is determined by its appraised value when it is purchased, newly constructed, or—as relevant here—a change in ownership has occurred. (Cal. Const. art. XIII A, § 2, subd. (a).) "Change in ownership" is defined by Revenue and Taxation Code section 60: "A 'change in ownership' means a transfer of a present interest in real property, including the beneficial use thereof, the value of which is substantially equal to the value of the fee interest." The purported change in ownership here was the transfer of a life estate in one co-tenant's interest in the property to the other co-tenant. "The creation, transfer, or termination of any tenancy-in-common interest" is expressly included within the statutory definition of a change in ownership. (Rev. & Tax. Code, § 61, subd. (f).) And the tenancy-in-common interest transferred to plaintiff—a life estate—is a present interest in real property, carrying with it all the beneficial use of the property. (Civ. Code, § 818 ["The owner of a life estate may use the land in the same manner as the owner of a fee simple, except that he must do no act to the injury of the inheritance."]; see also *Faus v. City of Los Angeles* (1967) 67 Cal.2d 350, 362, fn. 9 ["[A] life tenant … enjoys a right to the use of the property which is restricted only by the rules against waste."].) The remaining test under Revenue and Taxation Code section 60 is whether the interest transferred, here a life estate, is "substantially equal to the value of the fee interest" of the

3

property.  Under *Leckie v. County of Orange* (1998) 65 Cal.App.4th 334, 339, reasoning that a life tenant receives a "present interest in the property, the beneficial use of the property and the primary interest" in the property to meet the statute's value equivalency test, we conclude that such a transfer qualifies as a change in ownership.

Plaintiff argues that to the extent she received anything in 2009, it was personal property, not real property.  She characterizes her life estate in her sister's interest in the property as merely an assignment of the right to bring an action for monetary damages.  But a life estate in real property is considered an interest in fee simple.  (Civ. Code, § 765; *Auerbach v. Assessment Appeals Board No. 1* (2006) 39 Cal.4th 153, 162.)  The transfer of a life estate as reflected by the 2009 deed is therefore an interest in real, not personal, property.

Having decided that the transfer to plaintiff of a life estate in her co-tenant's interest would qualify as a change in ownership for purposes of Revenue and Taxation Code section 60, we must determine whether that is what occurred here.  More precisely, we must decide whether sufficient evidence supports the trial court's affirmative finding on that point.  Plaintiff argues that the 2009 deed indicating her sister granted her a life estate did nothing more than memorialize a situation already in existence:  that her mother intended to allow plaintiff to occupy the property for life, as evidenced by the fact that plaintiff resided there (and her sister did not).  According to plaintiff, at the time of the inheritance, she had the exclusive right to possess the property and her sister had no right to possession. (Plaintiff acknowledges the 2003 deed showing she and her sister received equal interests to the property, but suggests undue influence exerted by the sister caused their mother to revise her trust just before death.)  All of this, plaintiff contends, leads to the conclusion that the true intent of the parties was for her to have an exclusive right to possess the property for life, and the 2009 deed simply perfected her existing title rather than transferring any property interest at all.  The essence of plaintiff's argument is that, as a factual matter, she received nothing in 2009 that she did not already have.

4

The trial court found otherwise.  In its statement of decision, the court found that "until [the sister] transferred the life estate, she **also** had the right to beneficial use of the Subject Property even though plaintiff and her husband were living there.  [The sister] legally relinquished her rights to use the property when she conve[y]ed the life estate[.]" (Bold italics in original.)  That finding is supported by substantial evidence—most significantly, the recorded deeds in the property's chain of title, which reflect exactly what the court found:  beginning in 2003, plaintiff and her sister each had a 50 percent undivided interest in the property as tenants-in-common with equal rights of possession; then, in 2009, the sister transferred to plaintiff a life estate in the 50 percent interest plaintiff did not already own, giving plaintiff full ownership of the property and exclusive right to possession for life.  Since sufficient evidence supports the trial court's finding, we will not disturb it on appeal.

Plaintiff advances emphatic arguments relating to the County's administrative hearing process on her application for a changed assessment.  She argues that the hearing was unfair and that she was denied due process.  She characterizes certain aspects of the process as violating the California Constitution.  And she asserts that the hearing officer's factual findings and legal conclusions were erroneous.  But none of her arguments regarding the administrative hearing process bears on our review of the decision after trial in superior court.  The law allows a party aggrieved by a county's erroneous imposition of property taxes to pursue an action for a refund under Revenue and Taxation Code section 5140.  (*Schoenberg v. County of Los Angeles Assessment Appeals Bd.* (2009) 179 Cal.App.4th 1347, 1355.)  Plaintiff availed herself of that remedy when she filed her lawsuit.  At that point—regardless of what the County had done in making *its* determination that plaintiff was not entitled to a refund—it was for the trial court to decide whether plaintiff owes the property tax.  Plaintiff received a trial de novo on that issue.  On appeal from the resulting judgment, our role is to determine only whether the trial court erred in its decision.  We find it did not.

5

Plaintiff also asserts that the County's method of valuing the property is inaccurate, and that the County improperly refused to disclose how it reached the valuation. Plaintiff argues that without knowing whether the County accurately appraised the property, it cannot be determined that the transferred interest (a life estate) is "substantially equal to the value of the fee interest" in the property, as required for a change of ownership under Revenue and Taxation Code section 60. That argument fails because no matter the monetary value of the property, the value of a life estate is substantially equal to the remainder interest for purposes of Revenue and Taxation Code section 60. We also note that whether the County *correctly* determined the value of the property is an issue outside the scope of this case. We must determine only whether the trial court correctly decided reassessment of the property was allowed by law; we express no opinion on whether the value produced in that reassessment is accurate.

The constitutional and statutory framework governing property taxation in California allows for reassessment of property due to change of ownership only upon a true change of ownership of the fee interest or an interest substantially equivalent to the fee interest. It does not allow for reassessment when a transfer merely effectuates a change in the method of holding title to the property. Here, the record contains sufficient evidence that a life estate—which is an interest substantially equivalent to the fee interest—actually changed hands when it was transferred to plaintiff from her sister. The trial court therefore did not err when it determined the reassessment of plaintiff's property was allowed by law.

## III. DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

6

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Premo, J.

**H041620 -** *Durante v. County of Santa Clara*

| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 1-12-CV-217681 |
|---|---|
| Trial Judge: | Hon. Erica R. Yew |
| Counsel for Plaintiff/Appellant Mimi K. Karas Durate | Joseph Durante<br>Law Office of Joseph Durante |
| Counsel for Defendant/Respondent County of Santa Clara | James R. Williams, County Counsel<br>Danny Y. Chou, Assistant County Counsel<br>Javier Serrano, Deputy Cunty Counsel<br>Office of the County Counsel<br>County of Santa Clara |

**H041620 – *Durante v County of Santa Clara***